UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                        :

7 WEST 21 LI, LLC,                                        :

                      Plaintiff,              :           25-CV-00849 (JAV)

                                                :

           -v-                                :           <u>MEMORANDUM</u>
                                                :           <u>OPINION AND ORDER</u>

CLEMENT MOSSERI                             :

                                                :

                    Defendant.           :
----------------------------------------------------------------- X

JEANNETTE A. VARGAS, United States District Judge:

       In February 2019, Petitioner 7 West 21 LI LLC ("Petitioner") commenced a summary landlord-tenant proceeding to recover possession of a rental premises, Index No. L&T 53774/2019 (the "Housing Court Proceeding"), in New York City Civil Court, County of New York, Housing Part ("Housing Court"), pursuant to Article 7 of the New York Real Property Action and Proceedings Law ("RPAPL"). ECF No. 4-2. On January 29, 2025, Respondent Clement Mosseri ("Respondent" or "Mosseri") removed the Housing Court Proceeding to federal court. ECF No. 1. Yet this is not the first time Respondent has removed the Housing Court Proceeding, nor even the second. On each prior occasion, this matter was remanded to the Housing Court after it was determined that the federal district court did not have subject matter jurisdiction.

Petitioner again seeks to remand this case back to state court and the imposition of sanctions against Respondent for vexatious litigation. Respondent, in turn, has filed a motion seeking the undersigned's recusal. For the reasons stated below, Petitioner's motion to remand this action to state court is GRANTED; Petitioner's motion for a filing injunction is GRANTED; Petitioner's request for attorney's fees and costs is DENIED; and Respondent's motion for recusal is DENIED.

## BACKGROUND

Petitioner removed this Housing Court Proceeding to federal court for the first time in January 2020, invoking 28 U.S.C. § 1441. District Court Judge John P. Cronan, to whom the matter was assigned, issued an Order and Opinion remanding to state court for lack of subject matter jurisdiction. *7 W. 21 LI LLC v. Mosseri (Mosseri I),* No. 20 Civ. 279 (JPC), 2022 WL 16722105 (S.D.N.Y. Nov. 4, 2022). Applying *Franchise Tax Bd. v. Constr. Laborers Vacation Tr. of S. Cal.*, 463 U.S. 1 (1983), Judge Cronan determined that removal under section 1441 was improper because the well-pleaded complaint did not raise a federal question. 2022 WL 16722105 at **1-6. Respondent appealed the remand order to the Second Circuit, but his appeal was dismissed. No. 22-02948 (2d Cir. Jan. 19, 2023). His petition for certiorari was denied on April 17, 2023, and the Supreme Court denied the petition for rehearing on July 24, 2023.

In June 2021, Respondent filed a notice of removal of a different state holdover proceeding, Index 303464/2021, which he alleged was duplicative of the

Housing Court Proceeding. *7 W. 21 LI LLC v. Mosseri,* No. 21 Civ. 5621 (JPC) (S.D.N.Y.), ECF No. 1. The case was accepted as related to 20 Civ. 279, and on July 7, 2021, Respondent was ordered to comply with 28 U.S.C. § 1446(a) by submitting a short and plain statement of the basis for removal, as well as the underlying state court process, pleadings, and orders. *Id.*, ECF No. 4. Instead of complying with that order, Respondent filed a notice of appeal to the Second Circuit, *id.*, ECF No. 9, and then filed a motion to dismiss, *id.*, ECF No. 5. The Second Circuit dismissed the appeal in January 2022, and on March 4, 2022, Judge Cronan remanded the matter to state court, for failure to comply with the July 7 order. *Id.*, ECF No. 12. Respondent appealed from the remand order, and that appeal was dismissed in January 2023. *Id.*, ECF No. 16.

In August 2022, Petitioner had initiated a separate holdover proceeding against Respondent in state court, Index No. 312858/2022, seeking to evict Respondent from the premises for creating a nuisance. *7 W. 21 LI LLC v. Mosseri*, No. 22-CV-09506-LTS (S.D.N.Y.), ECF No. 2 at 6. Respondent also removed that action to federal court in November 2022. *Id* at 1. The removal was dismissed for failure to timely pay the filing fee or submit an IFP application, and the matter was remanded to state court. *Id.,* ECF No. 12.

On October 11, 2023, the Housing Court entered judgment for Petitioner in the Housing Court Proceeding following an inquest. *7 W. 21 LI LLC v. Mosseri (Mosseri II)*, No. 23-CV-09448-JPC (S.D.N.Y.), ECF No. 1 at 117. Approximately two weeks later, on October 27, 2023, Respondent again filed a notice of removal in

the Housing Court Proceeding. *Id.* at 7. Respondent's removal papers largely raised the same arguments as his prior attempt at removal, except that Respondent also asserted that removal was proper under 28 U.S.C. § 1443 as the state court had violated his right to due process. *Id.* at 1.

On January 8, 2025, Judge Cronan remanded this proceeding back to Housing Court. *Mosseri II*, 2025 WL 237517, at *1 (S.D.N.Y. Jan. 8, 2025). Judge Cronan explained that "this action is identical to the one that the Court previously remanded for lack of subject matter jurisdiction and that no changes in circumstances support an exercise of subject matter jurisdiction over this case." *Mosseri II*, 2025 WL 237517, at *1. Respondent filed an appeal to the Second Circuit. *7 W. 21 LI LLC v. Mosseri,* No 25-122 (2d Cir.). The Second Circuit denied his motion for an emergency stay of the remand order on January 22, 2025. *Id.*, ECF No. 8.

A week after the denial of his stay, on January 29, 2025, Respondent filed a third notice of removal of the Housing Court Proceeding, resulting in the instant action. ECF No. 1. This notice was largely duplicative of the notice of removal in *Mosseri II*.

On February 7, 2025, Petitioner filed a motion requesting that this Court remand the proceeding back to the Housing Court; award costs, including attorneys' fees, to Petitioner incurred in the making of the motion; bar Mosseri from filing further Notices of Removal of this state court proceeding; and deeming any further Notices of Removal of this state court proceeding a nullity. ECF No. 4 at 1.

4

Respondent, once again, seeks to keep this action in federal court. ECF No. 7; ECF No. 11.

## DISCUSSION

### I. Motion to Remand

Section 1441 "allows a defendant to remove to federal court 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.'" *Alvarado v. Sweetgreen, Inc.*, 712 F. Supp. 3d 393, 401 (S.D.N.Y. 2024) (quoting 28 U.S.C. § 1441(a)). While district courts have original jurisdiction over matters presenting a federal question, the Supreme Court has explained that the relevant test in the removal context is whether "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd..*, 463 U.S. at 27-28. "As a general matter, 'there is a presumption against removal, and uncertainties tend to weigh in favor of remand.'" *Alvarado*, 712 F. Supp. 3d at 401 (quoting *Harraz v. EgyptAir Airlines Co.*, 2019 WL 6700946, at *2 (S.D.N.Y. Dec. 9, 2019)).

When Mosseri first removed the Housing Court Proceeding, Judge Cronan ordered this case be remanded to the Housing Court because it did not present a federal question. *Mosseri I,* 2022 WL 16722105, at *1. Judge Cronan closely examined the claims asserted in the Petition and determined that they sounded in state law. *Id.* at **3-4. Although Respondent argued that the Petition raised a federal question because operation of the building in question was governed by the

5

federal Low-Income Housing Tax Credit program established under Section 42 of the Internal Revenue Code (the "I.R.C."), Judge Cronan determined that this did not suffice to establish subject matter jurisdiction. *Id.* at *5. Petitioner's right to relief under the state law cause of action was not dependent upon construction or application of Section 42 of the I.R.C. *Id.*

Construing *pro se* Respondent's papers to present the strongest possible argument, Judge Cronan then considered whether the regulations promulgated under Section 42 of the I.R.C. created a federal question sufficient to confer subject matter jurisdiction. Judge Cronan concluded that, under a preemption theory, those regulations might provide Respondent with a defense to the claim in the Petition that he had failed to recertify his income. *Id.* at *6. But Judge Cronan noted that, even if this were the case, "[u]nder the well-pleaded complaint rule . . . it is black-letter law that federal jurisdiction exists only if a federal question is necessarily raised *by the allegations in the complaint*, and consequently that federal jurisdiction cannot be premised on the defense that provisions of state law entitling a plaintiff to relief are preempted by inconsistent provisions of federal law." *Id.* at *6. Accordingly, it was clear that "[n]ot even the strongest arguments [Respondent submitted] successfully identify any federal cause of action under which this Petition is brought or any federal issue that is necessarily raised by the Petition's claims." *Id.* at *5.

For the reasons set forth in Judge Cronan's thorough opinion in *Mosseri I*, the Court agrees that the Petition does not present a federal question. As the federal

district court lacks original jurisdiction over the Housing Court Proceeding, removal of this action under Section 1441 was improper.

In his papers opposing the instant motion to remand, Respondent contends that removal was proper under 28 U.S.C. § 1443 because the Housing Court violated his civil rights. ECF No. 11. Section 1443 allows removal of civil actions against "any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof[.]" 28 U.S.C. § 1443(1). Yet Section 1443 is inapplicable. Removal under this provision is permitted only in cases arising "under a federal law providing for specific civil rights stated in terms of racial equality." *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975); *see Suffolk Cnty. Dep't of Soc. Servs. v. Clarke*, 807 F. App'x 133, 135 (2d Cir. 2020) (summary order) ("[T]he Supreme Court has held that [section 1443] applies only to removals based on claims of racial discrimination."). There is nothing in the notice of removal to suggest that Plaintiff is asserting a race discrimination claim.

Additionally, in order to rely upon Section 1443(1), "it must appear [. . .] that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of (the) State.'" *Johnson*, 421 U.S. at 219 (citation omitted). "This provision normally requires that the denial be manifest in a formal expression of state law, such as a state legislative or constitutional provision, rather than a denial first made manifest in the trial of the case." *Town of Newburgh, New York v. Newburgh EOM LLC,* 712 F. Supp. 3d 473, 479 (S.D.N.Y. 2024) (cleaned up). The

statute applies only in "rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." *Johnson*, 421 U.S. at 220.

The Court therefore orders that this proceeding, Index No. L&T 53774/2019, be remanded to New York Housing Court.

## II.     Motion for Filing Injunction

District courts possess the authority to enjoin parties from "onerous, multiplicitous, and baseless litigation." *Abdullah v. Gatto*, 773 F.2d 487, 488 (2d Cir. 1985); *see also Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986) (citations omitted). "Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions," which includes the power to act against vexatious litigation. *In re Martin-Trigona*, 737 F.2d 1254, 1261-62 (2d Cir. 1984). The Second Circuit has found that sanctions may be appropriate where a litigant with "a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Safir*, 792 F.2d at 24; *accord Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005).

In evaluating Petitioner's request to enjoin Respondent from filing any further Notices of Removal in the Housing Court Proceeding, the Court looks to the five, non-exhaustive factors set forth by the Second Circuit:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative

8

> [litigation]; (2) the litigant's motive in pursuing the
> litigation, e.g., does the litigant have an objective good
> faith expectation of prevailing; (3) whether the litigant is
> represented by counsel; (4) whether the litigant has
> caused needless expense to other parties or has posed an
> unnecessary burden on the courts and their personnel;
> and (5) whether other sanctions would be adequate to
> protect the courts and other parties.

*Safir*, 792 F.2d at 24; *see also Eliahu v. Jewish Agency for Israel*, 919 F.3d 709, 714 (2d Cir. 2019). In *Safir*, the Second Circuit held that the district court possessed the authority to enjoin the plaintiff from further vexatious litigation by restricting his ability to repeatedly assert "the same claims in [a] slightly altered guise." *Id.* at 24. In addressing Petitioner's request to impose sanctions, this Court takes each factor in turn.

The first factor a Court considers is "the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative [litigation]." *Safir*, 792 F.2d at 24. Respondent has attempted to remove this proceeding and related proceedings from the Housing Court on multiple occasions, with each attempt resulting in a remand back to the state court. *See 7 W. 21 LI LLC v. Mosseri*, 2025 WL 237517, at *1 (S.D.N.Y. Jan. 8, 2025); *see 7 W. 21 LI LLC v. Mosseri*, 2022 WL 16722105, at *7 (S.D.N.Y. Nov. 4, 2022). Indeed, these proceedings have been duplicative, as evidenced by Judge Cronan's January 8, 2025 Order. *7 W. 21 LI LLC*, 2025 WL 237517, at *1.

In terms of the second factor, whether the litigant has a "good faith expectation of prevailing," *Safir*, 792 F.2d at 24, the Court finds that Respondent does not. Petitioner alleges that Respondent's motive to remove this proceeding is

9

to "obtain a cheap stay of the Housing Court proceedings whenever he faced an adverse Housing Court decision." ECF No. 4 ("Pet. Mem."), at 11. From the timing of Respondent's removals, it appears that such is the case. "Respondent filed his first Notice of Removal in January 2020 after Housing Court denied his motion to dismiss." *Id.* The second Notice of Removal was filed in October 2023, "promptly after Housing Court issued its Decision/Order After Inquest and issued a judgment of possession and warrant." *Id.* The most recent Notice of Removal in January 2025 came after "the Second Circuit Court of Appeals denied [Respondent's] motion for an emergency stay and after a Notice of Eviction was served in the Housing Court proceeding." *Id.* Suspicious timing of the Notice of Removals aside, Respondent was on notice that, absent a "change in circumstance," federal courts could not exercise subject matter jurisdiction over this matter. *7 W. 21 LI LLC*, 2025 WL 237517, at *1. There has been no change in circumstance that Respondent could have interpreted as creating a good faith expectation of prevailing.

The Court also considers whether the litigant is represented. *Safir*, 792 F.2d at 24. As a *pro se* litigant, Mosseri is afforded some latitude. *Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010). However, Respondent's status as *pro se* does not excuse vexatious or frivolous conduct. *Iwachiw v. NY State Dep't of Motor Vehicles*, 396 F.3d 525 (2d Cir. 2005).

Under the fourth factor, courts evaluate whether "the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel." *Safir*, 792 F.2d at 24. Respondent has caused needless

expense because each of his meritless filings has necessitated responses from 7 West 21 LI LLC, while the Housing Court Proceeding has been continuously delayed. Similarly, this Court has had to adjudicate these duplicative actions.

The last factor a Court may consider is "whether other sanctions would be adequate to protect the courts and other parties." *Safir*, 792 F.2d at 24. Granting a litigation injunction can serve as both a remedy and deterrence against abuses of the judicial process. *Ranasinghe v. Kennell*, 16-CV-2170 (JMF), 2017 WL 384357, at *6 (Jan. 25, 2017). And simply remanding the matter to state court has proven to be an ineffective deterrent in the past. Petitioner is also not seeking a full litigation ban, but a narrowly tailored injunction designed to prevent further abuses in this specific state court action. *Safir*, 792 F.2d at 25 (cautioning against overbroad litigation bans).

Barring Mosseri from once again removing the Housing Court Proceeding case to federal court adequately protects Petitioner from vexatious, harassing and duplicative lawsuits and protects the Court from unnecessary burdens. *See Safir*, 792 F.2d at 25 (finding that the court could enjoin the plaintiff because the court could not "ignore the obvious fact that a mere dismissal of [the] action [would] not hinder [Appellant] from initiating further similar proceedings"). The issue of removal has been briefed multiple times by both parties for over six years.

Respondent is therefore enjoined from removing the Housing Court Proceeding from Housing Court. To be clear, this ban does not apply to any appeal Mosseri may pursue from the orders entered in the instant case. The Court warns

11

Mosseri that if he violates any provision of this order, the Court may impose additional sanctions on him, including, but not limited to, monetary penalties.

### III. Motion for Attorney's Fees and Costs

Petitioner seeks attorney's fees and costs pursuant to 28 U.S.C. § 1447(c). Pet. Mem. at 12. Section 144(c) provides that "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Court enjoys the discretion to award attorney's fees and costs where, as here, "the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). The Court nonetheless declines to award costs and fees in this case. Respondent is a *pro se* litigant who is the subject of an eviction proceeding, and who has been afforded *in forma pauperis* status in several of the cases he has filed in federal court. Moreover, requiring Mosseri to pay fees and costs is not necessary to deter future misconduct because the filing injunction sufficiently limits his ability to commence vexatious litigation.

### IV. Motion for Recusal

On February 26, 2025, Respondent filed a motion seeking the Court's recusal. ECF No. 11. Pursuant to 28 U.S.C. § 455, a judge shall recuse themselves when the judge's impartiality might be reasonably questioned. 28 U.S.C. § 455(a). "[T]here is a strong presumption that a judge is impartial, and the movant bears the 'substantial' burden of overcoming that presumption." *James v. State Univ. of New York*, No. 22-CV-4856 (JHR)(KHP), 2023 WL 3006104, at *2 (S.D.N.Y. Mar. 3,

12

2023). Plaintiff has not met his burden to demonstrate that recusal is warranted, as he has pointed to no evidence that would reasonably call into question the Court's impartiality.

Respondent filed this motion in response to this Court's February 19, 2025 Order requiring Respondent, as a *pro se* litigant, to communicate in accordance with this Court's Individual Rules and Practices in Pro Se cases. ECF No. 6. Pursuant to Section 1(A) of this Court's Individual Rules and Practices in Civil *Pro Se* Cases, "*[p]ro se* parties may not call the Court directly; any questions should be directed to the *Pro Se* Office." This is a common rule which other judges in this District follow. *See, e.g.*, *Sanon v. Kidz Discovery Inc.*, 22-cv-10583 (JMF), 2023 WL 3645484, at *1 (S.D.N.Y. May 25, 2023) (attaching Judge Furman's Individual Rules and Practices in Civil *Pro Se* Cases as an exhibit).

Respondent argues that Petitioner's attorneys are free to communicate with the Court via phone and other means. ECF No. 11 at ¶ 2. Respondent further alleges that Petitioner had "unconstitutional contact with this Court." *Id.* at ¶ 5. Respondent's claim is baseless. As stated in Petitioner's Declaration in Response to Respondent's Motion for Recusal, Petitioner's attorney "ha[s] had no contact by telephone or any other method, with this Court" other than the documents which appear on ECF. ECF No. 13 at ¶ 3. Respondent's motion for recusal is DENIED.

## CONCLUSION

As stated above, Petitioner's motion to remand this action back to state court is GRANTED. Petitioner's request that the Court award costs, including attorneys'

fees, is DENIED.  Petitioner's request that the Court enjoin Respondent from removing the Housing Court Proceeding to federal court is GRANTED. Furthermore, Respondent's recusal motion is DENIED.

IT IS ORDERED that this proceeding, Index No. L&T 53774/2019, be remanded to New York City Civil Court, County of New York, Housing Part.

IT IS FURTHER ORDERED that Plaintiff is enjoined from removing the matter captioned as *7 West 21 LI LLC v. Mosseri*, Index No. L&T 53774/2019, from New York City Civil Court, County of New York, Housing Part to federal court.

The Clerk of the Court is respectfully directed to close this case and terminate all pending motions.

SO ORDERED.

Dated: April 28, 2025  
      New York, New York

_____  
JEANNETTE A. VARGAS  
United States District Judge